UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN P. CARR,<br><br>                Plaintiff,<br><br>    v.<br><br>SAM REED, et al.,<br><br>                Defendants. | Case No. C07-5260RJB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT COMPLAINT |

      This matter comes before the court on plaintiff's Motion to Supplement Complaint. Dkt. 14. The court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY AND MOTION

      On May 25, 2007, plaintiff filed a complaint against the Washington Secretary of State, Washington's Attorney General, Clark County Superior Court judges and commissioners, Washington Court of Appeals judges, and Washington Supreme Court judges. Dkt. 1. The complaint stems from orders issued by Clark County court commissioners related to plaintiff's dissolution; plaintiff contends, among other things, that the court commissioners did not have jurisdiction to issue these orders. *Id*.

      On July 30, 2007, plaintiff filed a motion requesting that he be permitted to amend the complaint. Dkt. 14. Plaintiff apparently intends to name as a defendant Wanda Brigg, Chair of the Washington State Commission on Judicial Conduct, in her official capacity. The proposed amendment to the complaint provides as follows:

ORDER
Page - 1

95. By ignoring serious violations of statutes and constitutions, the Commission of Judicial conduct helped to create an environment where judges ignore the statutes and the constitutions with impunity. Further, not taking actions to prevent continuing violations of the rights of numerous individuals under due process is a violation of 42 U.S.C. § 1986. Had the Commission taken actions against the Defendants, it is likely that the Defendants would have been required to comport with the requirements of the constitution and statutes simply because of the high profile of the Commission's decisions[.]

96. The Plaintiff was harmed by the inaction of the Commission of Judicial Conduct because he has not been able to apply to Clark County Superior Court for redress under RCW 26.50 as the alleged Commissioners hearing such matters still do not have jurisdiction to provide the relief sought and do not comply with the Due Process requirement included in RCW 26.50. This has infringed on the Plaintiff's and numerous other individuals' Fourteenth Amendment right to due process with respect to life, liberty, and property (each of which is impacted by RCW 26.50 proceedings).

Dkt. 14, at 6.

Plaintiff requests that the court order the following relief related to the amendment:

Declaring that the Washington State Commission of Judicial Conduct must initiate proceedings whenever there are allegations of violations of Washington state or United States statutes or constitutions which are related to a judge's official actions. In addition, any allegation that a judge interfered with the right of appeal or intentionally misconstrued or avoided addressing issues raised in an appeal which was before the judge, must be pursued. Further, if the allegations are substantiated the Commission must take some action against the offending judge.

Dkt. 14, at 6-7.

The original defendants have not filed a response to this motion.

## LEGAL STANDARD

Fed.R.Civ.P. 15(a) provides in relevant part as follows:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

In deciding whether the grant a motion to amend, the court considers a number of factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing parties, harm to the movant if leave is not granted, and futility of the amendment. *Foman v. Davis*, 37 U.S. 178, 182 (1962); *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997).

## DISCUSSION

In this case, all of the originally named defendants have appeared and filed answers to the original complaint. Accordingly, under Fed.R.Civ.P. 15(a), plaintiff must obtain leave of the court to file a

amended complaint. Defendants have not filed objections to the proposed amendment. The case is still in the early stage of the proceedings. It does not appear that defendants will be prejudiced if plaintiff is allowed to file an amended complaint, adding the language set forth above.

Therefore, it is hereby

**ORDERED** that plaintiff's Motion to Supplement Complaint (Dkt. 14) is **GRANTED**. Plaintiff is ORDERED to file the amended complaint, adding the language set forth above, not later than August 20, 2007. The originally named defendants are not required to file an additional answer to the amended complaint.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 15th day of August, 2007.

ROBERT J. BRYAN
United States District Judge