UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN P. CARR,

              Plaintiff,

   v.

SAM REED, *et al.*,

              Defendants.

Case No. C07-5260RJB

ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY

     This matter comes before the Court on Defendants' Motion to Stay Discovery. Dkt. 15. The Court has considered the relevant documents and the remainder of the file herein.

### I. PROCEDURAL HISTORY AND MOTION

     On May 25, 2007, Plaintiff filed a complaint against the Washington Secretary of State, Washington's Attorney General, Clark County Superior Court judges and commissioners, Washington Court of Appeals judges, and Washington Supreme Court judges. Dkt. 1. The complaint stems from orders issued by Clark County court commissioners related to Plaintiff's dissolution; Plaintiff contends, among other things, that the court commissioners did not have jurisdiction to issue these orders. *Id*. Plaintiff also challenges the validity of Article IV § 17 of Washington State Constitution, which requires that candidates for Washington judicial positions be admitted to practice law in the state of Washington. Dkt. 21.

     On July 30, 2007, Plaintiff filed a motion for leave to amend the complaint to add defendant Wanda Brigg, Chair of the Washington State Commission on Judicial Conduct, in her official capacity. Dkt. 14.

ORDER
Page - 1

1  The motion was granted on August 15, 2007.  Dkt. 19.

2  Defendants now move to stay the initial disclosures required by Fed. R. Civ. P. 26(a)(1), the
3  initiation of discovery, and submission of the joint status report and discovery plan as required by Rule
4  26(f) and Local Fed. R. Civ. P. 16.  Dkt. 15.  Defendants inform the Court that they will be filing a
5  dispositive motion by August 31, 2007 concerning absolute immunity.  *Id*.  If the matter is not resolved by
6  this motion, Defendants request that the Court reset these deadlines.  *Id*.  Plaintiff opposes the temporary
7  stay, arguing that:  1) discovery will be required to resolve the question of judicial immunity, 2) the
8  Rooker-Feldman Doctrine does not apply, 3) there is no justification for delay in discovery, and 4) the
9  tardiness of Defendants should not hinder Plaintiff's rights.  Dkt. 23.

10  DISCUSSION

11  Official immunity, whether qualified or absolute, is "an *immunity from suit* rather than a mere
12  defense to liability."  *Mitchell v. Forsyth,* 472 U.S. 511, 526, (1985) (*citing Harlow v. Fitzgerald,* 457
13  U.S. 800, 817(1982)) (*emphasis in original*).  Thus, in the usual case where a defendant asserts an official
14  immunity defense, a motion is first made asking the district court to decide whether the facts alleged in the
15  complaint, assumed to be true, yield the conclusion that the defendant is entitled to immunity.  *Butler v.*
16  *San Diego Dist. Attorney's Office,* 370 F.3d 956, 963-64 (9th Cir. 2004).  "If, taking the facts as stated in
17  the complaint, the defendant is entitled to immunity, no discovery should be permitted and the case should
18  be dismissed."  *Id*. at 964.

19  Defendants argue that they will be bringing a motion to dismiss this matter based upon official
20  immunity.  Dkt. 15.  Accordingly, discovery should be stayed until after the Court has had an opportunity
21  to consider the motion.  If the Defendants' motion is denied, discovery should begin by October 26, 2007.

22  Pursuant to Local Fed. R. Civ. P. 16(n)(2), the Court may modify pretrial deadlines.  In light of the
23  above, the initial disclosures required by Fed. R. Civ. P. 26(a)(1) should be due on October 15, 2007.  The
24  joint status plan, and discovery plan should also be due on October 15, 2007.

25  Therefore, it is hereby

26  **ORDERED** that Defendants' Motion to Stay Discovery (Dkt. 14) is **GRANTED.**  Discovery is
27  stayed until October 26, 2007.  Initial disclosures required by Fed. R. Civ. P. 26(a)(1) are due on October
28  15, 2007.  The joint status plan and discovery plan are due on October 15, 2007.

1   The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
2   party appearing *pro se* at said party's last known address.
3   DATED this 29th day of August, 2007.

                             /s/ Robert J. Bryan
                             ROBERT J. BRYAN
                             United States District Judge