UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN P. CARR,

    Plaintiff,

    v.

SAM REED, et al.,

    Defendants.

Case No. C07-5260RJB

ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

This matter comes before the court on State Defendants' Motion for Summary Judgment and Dismissal of Plaintiff's Amended Complaint (Dkt. 26), Clark County Defendants' Motion for Summary Judgment and Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 29), and Defendant Wanda Briggs' Motion for Summary Judgment and Dismissal of Plaintiff's Amended Complaint (Dkt. 41). The court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY AND MOTIONS

On May 25, 2007, Plaintiff filed a complaint against the Washington Secretary of State, Washington's Attorney General, Clark County Superior Court judges and commissioners, Washington Court of Appeals judges, and Washington Supreme Court judges. Dkt. 1. The complaint stems from orders issued by Clark County court commissioners related to Plaintiff's dissolution, the appeals from those orders, and a complaint plaintiff filed with the Commission on Judicial Conduct (CJC).

On August 15, 2007, plaintiff filed an amended complaint, adding as a defendant Wanda Briggs, in her capacity as Chair of the CJC. Dkt. 21. The amended complaint alleges the following causes of action:

ORDER
Page - 1

(1) violation of Article IV, Section 23 of the Washington State Constitution, 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, and the Fourteenth Amendment, on the basis that the number of Clark County Commissioners exceed three in number; (2) interference with the right to appeal, in violation of 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986; (3) violation of the Fourteenth Amendment by failure to comply with Washington statutory requirements set forth in Chapter 26 RCW; (4) violation of 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, based upon issuance of orders of protection by family court commissioners; (5) denial of the right to appeal, in violation of 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986; (6) sexual bias in the process under RCW 26.50, in violation of the Fourteenth Amendment; (7) invalid restrictions on candidates for judgeships, in violation of Article 4, Section 14 of the Washington Constitution and the Fourteenth Amendment; and (8) failure of the Washington Commission on Judicial Conduct to take action against judges, in violation of 42 U.S.C. § 1986 and the Fourteenth Amendment. Dkt. 21. Plaintiff requests damages and various forms of declaratory and injunctive relief. Id. at 22-26.

All of the defendants have filed motions for summary judgment and/or motions to dismiss the complaint. Dkt. 26, 29, and 41.

## LEGAL STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v.*

*Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

A court may dismiss a claim if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983), *citing Conley v. Gibson*, 355 U.S. 41, 45-56 (1957). Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations of fact fail to state a claim for relief. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3rd Cir. 1988). If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston*, 717 F.2d at 1300. If the claim is not based on a proper legal theory, the claim should be dismissed. *Id.*

<u>RELEVANT PROCEDURAL AND FACTUAL HISTORY</u>

Defendants Kenneth Eiesland and Richard Melnick are District Court Judges for Clark County, who were appointed as Superior Court Commissioners. On October 15, 2004, Judge Eiesland entertained a petition for Domestic Violence Order for Protection, signed by Plaintiff's ex-wife. This first petition was assigned cause number 04-2-08824-4. Judge Eiesland granted a Temporary Order for Protection, ordering

plaintiff to have no contact with his ex-wife. At the time of this initial order, a hearing for a longer term Order for Protection was set for October 27, 2004. On October 27, 2004, Judge Melnick considered and entered a Domestic Violence Order for Protection, valid for a period of one year from that date.

Judge John Nichols is a Washington State Superior Court Judge in Clark County. On November 12, 2004, plaintiff filed a petition for a Temporary Domestic Violence Court Order for Protection. This second petition was assigned cause number 04-2-08908-9. Judge John Nichols (or, as plaintiff appears to allege, Judge Melnick or another judge who he has not identified) entertained and denied the petition for Protection on November 12, 2004. On January 5, 2005, Judge John Nichols filed an "amended denial" of plaintiff's petition.

A hearing date for a longer term Domestic Violence Court Order for Protection had been set for January 19, 2005. Plaintiff failed to appear at that hearing and Judge Eiesland, acting as a Superior Court Commissioner, noted the failure to appear and did not grant plaintiff's request for a protection order. Meanwhile, on November 23, 2004, plaintiff had filed a motion for revision regarding the decision of Judge Melnick to grant the first order for protection under 04-2-08824-4. Also included in this motion was a request for revision of Judge Nichols' denial of the second petition for order of protection under 04-2-08908-9.

Judge Barbara Johnson is a Washington State Superior Court Judge in Clark County. The State defendants maintain that, on December 10, 2004, Judge Johnson entertained plaintiff's motion for revision and denied it. Plaintiff contends that it is unclear which judge made that decision. Dkt. 37, at 3. Nonetheless, on January 18, 2005, plaintiff filed a notice of appeal with the Washington State Court of Appeals, Division II, thereby appealing Judge Johnson's decision.

Judge Robert L. Harris is a Washington State Superior Court Judge in Clark County, and is the presiding judge for the county. Judge Harris, as presiding judge, appointed District Court Judges Eiesland and Melnick as Superior Court Commissioners. Judge Harris also appointed Judge Hagensen and Commissioner Osler as Family Law Court Commissioners.

Judge John Hagensen is a District Court Judge for Clark County, who also acts as a Superior Court Family Law Court Commissioner. Judge Hagensen did not preside over either of the above cases that are the subject matter of this federal court action. Likewise, Kelli Osler is a District Court Commissioner who

ORDER
Page - 4

was appointed a Family Law Court Commissioner. Commissioner Osler did not preside over either of the above cases that are the subject matter of this federal court action.

Defendants Joel Penoyer, C.C. Bridgewater, J. Robin Hunt are judges who sit on Division II of the Washington Court of Appeals. On May 9, 2006, these judges issued an opinion affirming the Clark County Superior Court order of protection that had been entered against plaintiff and affirming the trial court's denial of plaintiff's request for an order of protection. *Carr v. Huntting*, 132 Wn.App. 1057 (2006), 2006 WL 1233082. The Court of Appeals held that the trial court did not err in issuing a protection order against plaintiff, and that the trial court did not abuse its discretion by denying plaintiff's request for a protective order. The Court of Appeals further concluded as follows:

> Carr argues that his due process rights and his right to have a judge adjudicate his case were violated because Clark County allegedly appointed more than three court commissioners. However, a family law commissioner is not a 'commissioner' within the meaning of the constitutional provision limiting the number of court commissioners in counties. *Ordell v. Gaddis*, 99 Wn.2d 409, 409-10, 662 P.2d 49 (1983). Furthermore, in *State v. Karas*, 108 Wn.App. 692, 700-02, 32 P.3d 1016 (2001), we held that a domestic violence protective order did not violate the defendant's right to procedural due process and the statute granting authority to court commissioners included power to issue permanent protective orders under the Domestic Abuse Prevention Act. Therefore, Carr's challenge to the constitutionality of a protective order under the Domestic Violence Protection Act and to the commissioner's authority to issue the order must fail.
>
> Finally, Carr argues that he was unable to appeal the protective order issued against him and that his motions were denied without a hearing. The trial court specifically found that a hearing was not necessary. Carr's motions did not comply with Civil Rule (CR) 76(b)((1), which requires an application for order to state with particularity the grounds for the motion, and to set forth the relief or order sought. We find no due process violation.

*Carr v. Huntting*, 132 Wn.App. 1057 (2006), 2006 WL 1233082, at *3 (Wn.App.).

Plaintiff filed a petition for review of the Court of Appeals decision with the Washington Supreme Court. Defendants Gerry L. Alexander, Barbara Madsen, Mary E. Fairhurst, Susan Owens and James M. Johnson are Justices of the Washington Supreme Court. On January 31, 2007, the Washington Supreme Court denied review. *Carr v. Huntting*, 153 P.3d 196 (2007).

Defendant Sam Reed is the Washington Secretary of State. Defendant Rob McKenna is the Washington Attorney General.

The amended complaint alleges that plaintiff filed complaints with the Judicial Conduct Commission (CJC) on July 9, August 12, and October 16, 2006, but that the CJC declined to pursue the complaints.

## DISCUSSION

The discussion in this section relates to the claims set forth in the amended complaint, and in the procedural history herein, which are repeated here for ease of reference, and are as follows: (1) violation of Article IV, Section 23 of the Washington State Constitution, 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, and the Fourteenth Amendment, on the basis that the number of Clark County Commissioners exceed three in number; (2) interference with the right to appeal, in violation of 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986; (3) violation of the Fourteenth Amendment by failure to comply with Washington statutory requirements set forth in Chapter 26 RCW; (4) violation of 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, based upon issuance of orders of protection by family court commissioners; (5) denial of the right to appeal, in violation of 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986; (6) sexual bias in the process under RCW 26.50, in violation of the Fourteenth Amendment; (7) invalid restrictions on candidates for judgeships, in violation of Article 4, Section 14 of the Washington Constitution and the Fourteenth Amendment; and (8) failure of the Washington Commission on Judicial Conduct to take action against judges, in violation of 42 U.S.C. § 1986 and the Fourteenth Amendment. Dkt. 21. Plaintiff requests damages and various forms of declaratory and injunctive relief. Id. at 22-26.

**1. State Defendants' Motion for Summary Judgment and Dismissal of Plaintiff's Amended Complaint (Dkt. 26)**

On August 30, 2007, defendants Sam Reed, Rob McKenna, Joel Penoyer, C.C. Bridgewater, J. Robin Hunt, Gerry L. Alexander, Barbara Madsen, Mary E. Fairhurst, Susan Owens and James M. Johnson (State defendants) filed a motion for summary judgment and dismissal of the amended complaint. Dkt. 26. The State defendants contend that (1) under the *Rooker-Feldman* doctrine, the court lacks jurisdiction over plaintiff's claims; (2) plaintiff's claims are barred by *res judicata*; (3) the judicial defendants are entitled to absolute immunity; (4) Washington's state law qualifications for state judicial offices do not violate the federal Constitution; (5) the claims against the Secretary of State and Attorney General are barred by the Eleventh Amendment. *Id.*

In his response, plaintiff contends that (1) he has raised in this federal court action issues that the state courts did not address, including the lack of an *ex parte* hearing; (2) the orders at issue were invalid

because they were issued by commissioners who did not have the authority to issue them; (3) the *Rooker-Feldman* doctrine does not apply because the state courts did not address many of the issues plaintiff raised in the state court proceedings; (4) *res judicata* does not apply because the orders at issue were issued by individuals who did not have jurisdiction to issue them; (5) the individual defendants are not entitled to judicial immunity because they acted outside of their jurisdiction or acted only in an administrative capacity; (6) interference with the right to appeal precludes judicial immunity; (7) the restrictions on judicial candidates placed by the state supreme court are improper; (8) financial requirements for candidates for judicial office are improper; and (9) the Eleventh Amendment does not apply to this action because only injunctive relief is requested for those individuals sued in their official capacity. Dkt. 37. In a later-filed document in response to defendant Wanda Briggs' motion for summary judgment and dismissal, plaintiff contends that the issues he presents are not an attempt to relitigate his dissolution proceedings. Dkt. 57. Although, as defendant Briggs notes, plaintiff included argument in Dkt. 57 that contravened the intent of the court's October 4, 2007 Order Denying Plaintiff's Motion fo Leave to Submit Revised Combined Reply Brief (Dkt. 47), in the interests of fairness and efficiency, the court has considered all of plaintiff's arguments advanced in support of his position. Accordingly, Ms. Briggs' motion to strike the portions of Dkt. 57 that referred to claims against defendants other than Ms. Briggs (Dkt. 58) is DENIED.

In their reply, the State defendants argue that the court lacks jurisdiction under *Rooker-Feldman* over counts 1 through 6; res judicata bars counts 1 through 6; absolute judicial immunity bars claims against state judicial officers; and Washington's qualifications for judicial office are constitutional. Dkt. 43.

***Rooker-Feldman Doctrine.*** The State defendants contend that claims 1 through 6 are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine takes its name from *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. (1983). Under *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court; the United States Supreme Court is the only federal court with jurisdiction to hear such an appeal. *Rooker-Feldman* held that when a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal. *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). Any issue raised in the suit that is

"inextricably intertwined" with an issue resolved by the state court in its judicial decision is also barred from consideration by the federal court. *Id.*

Claims 1 through 6 in this case are attempts to invalidate decisions of the state courts by asserting as legal wrongs the allegedly erroneous rulings of the Clark County Superior Court, the Washington Court of Appeals, and the Washington Supreme Court. Plaintiff contended in state court that the commissioners were without jurisdiction to issue and/or refuse to grant orders of protection because the number of commissioners exceeded the number authorized by the Washington Constitution, that the orders were issued in violation of the procedures set forth in Chapter 26 RCW, that the trial court engaged in sexual stereotyping, and that he was denied the right to appeal the protective order. *See Carr v. Huntting*, 2006 WL 1233082 ,* 3. Plaintiff now seeks, in claims 1 through 6, to have the federal court review and invalidate the state court orders, essentially asking the federal court to assume appellate jurisdiction over the state court decisions. Plaintiff's argument that he is not attempting to relitigate his dissolution proceedings is without merit. The claims raised in the Amended Complaint appear to be a transparent attempt to enlist the federal court in invalidating the orders issued in his domestic relations proceedings. Claims 1 through 6 against the State defendants are barred by the *Rooker-Feldman* doctrine.

*Res Judicata.* The State defendants contend that Claims 1 through 6 are barred by the doctrine of *res judicata*; the court will address this issue as an alternative basis for dismissal of these claims. The doctrine of *res judicata*, or claim preclusion, bars any future claims that were raised, or could have been raised, in a prior action. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). In order to bar a later suit under the doctrine of *res judicata*, an adjudication must (1) involve the same claim as the later suit, (2) have reached a final judgment on the merits, and (3) involve the same parties or their privies. *Blonder-Tongue Laboratories v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971); *Davis Wright & Jones v. National Union Fire Ins. Co.*, 709 F.Supp. 196 (W.D.Wa.1989), *aff'd*, 897 F.2d 1021 (9th Cir.1990). *Res judicata* can be asserted against a party to a prior case by a stranger to the original case. *See Concordia v. Bendekovic*, 693 F.2d 1073,1076 (5th Cir. 1982); *accord, Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996).

Claims 1 through 6 involve claims that were resolved against plaintiff by final judgment in state courts. Issues that plaintiff claims are different than the ones he asserted in the state court proceedings

could have been raised in those proceedings. As discussed above, plaintiff's claims appear to be an attempt to enlist the federal court in invalidating the orders issued in the domestic relations proceeding. Claims 1 through 6 are barred by *res judicata*.

*Judicial Immunity*. The State defendants contend that claims 1 through 6 against the judicial officers are barred by absolute immunity; the court will address this issue as an alternative basis for dismissal of the claims against the judicial officers. Judges are absolutely immune from damages for judicial acts taken within the jurisdiction of their courts. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986); *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987). Even grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity. *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1973). As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies. *Ashelman*, 793 F.2d at 1078.

Plaintiff contends that absolute immunity does not apply because the commissioners acted outside of their jurisdiction. However, the Washington Court of Appeals and Washington Supreme Court have appellate jurisdiction over the orders at issue. *See* RCW 2.06.030 and RCW 2.04.010. The State judicial officers are entitled to absolute immunity for claims 1 through 6.

*Qualifications for Judicial Office*. The State defendants maintain that claim 7 should be dismissed because Washington's state law qualifications for state judicial offices do not violate the federal constitution. Apparently, this is the basis upon which Secretary of State Reed and Attorney General McKenna are named as defendants.

The Washington Constitution, Article IV, § 17, requires that Superior Court and Supreme Court judges shall be persons admitted to practice in the Washington courts. RCW 2.06.050 and 3.34.060 have the same requirement for state District Court and Court of Appeals' candidates. Federal courts have upheld state laws that make being a lawyer admitted to practice a qualification to hold state judicial office. *See O'Connor v. State of Nevada*, 27 F.3d 357, 362 (9th Cir. 1994)(rejecting First and Fourteenth Amendment challenges to Nevada laws mandating that State Supreme Court judges be attorneys); *Benham v. Driegert*, 853 F.Supp. 951, 954 (N.D. Tex. 1994)(requirement that state judicial candidate obtain law degree and be in practice four years serves legitimate state objective of fostering a competent judiciary and burdens only candidates without law degrees who have little competence in the practice of law); *Zielasko*

*v. Ohio*, 693 F.Supp. 577, 586-87 (N.D. Ohio 1988)(age restrictions on state judicial office holders do not violate freedom of association of voters or due process or equal protection rights of office seekers).

Plaintiff apparently also contends that the filing fee and/or number of signatures required to be placed on the ballot for judicial office (which he calculates as 1320 signatures) violate his constitutional rights. RCW 29A.24.091 declares, in part, that candidates for any office, compensated at an annual salary greater than $1,000, shall pay a filing fee of 1% of that office's salary. Alternatively, the statute states that persons lacking "sufficient assets or income" can submit a petition in lieu of filing fee that contains registered voters' signatures that equal the amount of the filing fee. *Id*. Since plaintiff apparently does not qualify for a judicial position because he has not been admitted to practice law in the State of Washington, it does not appear that he had standing to raise this issue. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)(To demonstrate constitutional standing, a plaintiff must prove that (1) he or she suffered an injury in fact; (2) the existence of a causal connection specifically traceable to the unconstitutional conduct of defendants; and (3) the likelihood that a favorable outcome will redress the injury.).

Even if plaintiff has standing to pursue this issue, his claim is without merit. While laws requiring indigent candidates to pay statutory filing fees, in the absence of reasonable alternative means of ballot access, fail to meet constitutional standards, *Lubin v. Panish*, 415 U.S. 709, 94 S. Ct. 1315 (1974), state laws that incorporate reasonable alternative means of ballot access, like obtaining required signatures, meet Constitutional requirements. *See Andress v. Reed*, 880 F.2d 239 (9th Cir. 1989); *Cross v. Fong Eu*, 430 F. Supp. 1036, 1040 (N.D. Cal. 1977). Plaintiff has not shown that being required to obtain 1320 signatures to qualify for a judicial election does anything other than incorporate reasonable alternative means of ballot access. Plaintiff's claims against Sam Reed and Rob McKenna, apparently based upon his claims regarding state qualifications for judicial candidates, should be dismissed.

*Eleventh Amendment*. Defendants contend that claims against Sam Reed and Rob McKenna, in their official capacity, are barred by the Eleventh Amendment; the court will address this issue as an alternative basis for dismissing the damages claims against these two defendants. The Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court without the state's consent. *See Seminole Tribe of Florida v. Florida* 116 S.Ct. 1114, 1131 (1996); *Natural Resources Defense Council v. California Dep't of Transportation*, 96 F.3d 420, 421 (9th Cir. 1996). This immunity

1  also applies to state employees acting in their official capacities. *Hirsch v. Supreme Court of California*,
2  67 F.3d 708, 715 (9th Cir. 1995). This immunity protects states and their representatives from federal civil
3  rights claims as well as other suits. *Clark v. State of Washington*, 366 F.2d 678, 680 (1966). Eleventh
4  Amendment immunity is not automatically waived in actions brought under 42 U.S.C. § 1983. *Quern v.*
5  *Jordan*, 440 U.S. 332 (1979). Washington has not waived the protection of the Eleventh Amendment.
6  *Edgar v. State*, 92 Wn.2d 217 (1979). In his response, plaintiff contends that the Eleventh Amendment
7  does not bar his claims for injunctive relief. To the extent that plaintiff requests damages against Sam Reed
8  and Rob McKenna in their official capacities, those claims are barred by the Eleventh Amendment. As
9  discussed above, the claims for injunctive relief against Sam Reed and Rob McKenna are without merit.

10      *Standing*. If, as plaintiff maintains, he is not attempting to invalidate the orders issued in the state
11  domestic relations cases that serve as the basis of this federal court action, but is instead attempting to
12  reform the system, he has not shown that he has standing to bring such an action by means of this civil
13  rights suit. *See Lujan, supra*.

14      *Conclusion*. Plaintiff has not met his burden to show that there are outstanding issues of material
15  fact that preclude summary judgment and dismissal. The State defendants are entitled to judgment as a
16  matter of law. The State defendants' motion for summary judgment and dismissal should be granted and
17  all of the claims against the State defendants should be dismissed with prejudice.

18      **2.    Clark County Defendants' Motion for Summary Judgment and Motion to Dismiss**
19            **Plaintiff's Amended Complaint (Dkt. 29)**

20      On August 31, 2007, defendants Robert L. Harris, John F. Nichols, Barbara D. Johnson, Kenneth
21  Eisland, Rich Melnick, John Hagensen, and Kelli E. Osler (Clark County defendants) filed a motion for
22  summary judgment and motion to dismiss the case. Dkt. 29. The Clark County defendants adopt the
23  arguments presented by the State defendants. *Id*. In addition, the Clark county defendants contend that
24  they are entitled to absolute judicial immunity because the acts at issue were judicial acts, within the
25  jurisdiction of the Superior Court of Clark County; and that plaintiff lacks standing to challenge orders of
26  Judge Hagensen and Commissioner Osler, who allegedly issue(d) orders of protection that did not involve
27  plaintiff. *Id.*

28      It appears from the Amended Complaint that the following claims relate to the Clark County

defendants: (1) (Commissioners Exceed Three in Number); (2) (Interference with Right to Appeal); (3) (Requirements of Statutes Ignored); (4) (Family Court Commissioners issue Restraining Orders); and (6) (Sexual Bias in RCW 26.50 Process). The legal standards that relate to the *Rooker-Feldman doctrine*, *res judicata*, and judicial immunity need not be repeated here but will be applied to the issues as they relate to the Clark County defendants.

*Rooker-Feldman Doctrine*. Claims 1 through 4, and 6, in this case are an attempt to invalidate decisions of the allegedly erroneous rulings of the Clark County Superior Court judges and commissioners. Plaintiff contended in state court proceedings that the commissioners were without jurisdiction to issue and/or refuse to grant orders of protection because the number of commissioners exceeded the number authorized by the Washington Constitution, that the orders were issued in violation of the procedures set forth in Chapter 26 RCW, that the trial court engaged in sexual stereotyping, and that he was denied the right to appeal the protective order. The state courts issued final decisions with regard to those claims. Plaintiff's claims against the Clark County defendants are barred by the *Rooker-Feldman* doctrine.

*Res Judicata*. The Clark County defendants argue that Claims 1 through 4, and 6 are barred by *res judicata;* the court will address this issue as an alternative basis for dismissal of the claims against the judicial officers  Claims 1 through 4, and 6, against the Clark County defendants involve claims that were resolved against plaintiff by final judgment in state courts. Issues that plaintiff claims are different than the ones he asserted in the state court proceedings could have been raised in those proceedings. Plaintiff's claims against the Clark County defendants are barred by *res judicata*.

**Judicial Immunity.** The Clark County defendants maintain that they are entitled to absolute immunity for their judicial acts; the court will address this issue as an alternative basis for dismissal of the claims against the Clark County judicial officers.

In determining whether a particular act is judicial in nature, the following factors are relevant: (1) whether the precise act is a normal judicial function; (2) whether the events occurred in the judge's courtroom or chambers; (3) whether the controversy centered around a case then pending before the judge; and (4) whether the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001), citing *Meek v. County of Riverside*, 183 F.3d 962, 967 (9th Cir. 1999).

In plaintiff's state case(s), Judge Nichols, B. Johnson, Eiesland, and Melnick were involved with the orders that plaintiff contends violated his constitutional rights. These orders were issued in connection with and arising out of pending cases, and are therefore part of the normal judicial functions of the judges. The orders allegedly issued by Judges Hagensen and Osler that plaintiff complains about–orders that were apparently unrelated to any cases plaintiff was involved with–are judicial acts protected by absolute immunity. The orders issued by Judge Nichols, B. Johnson, Eiesland, Melnick, Hagensen and Osler were related to normal judicial functions, occurred in the courtrooms or chambers, and involved pending cases before the judges; and the events at issue arose directly and immediately out of a confrontation with the judges acting in their official capacities.  These judges are protected by absolute immunity.

With regard to Judge Harris, who appointed the commissioners, the function of appointing commissioners is integrally related to normal judicial functions, occurred in the courtroom or chambers, and involved his judicial duties. Judge Harris is protected by absolute immunity.  However, even if Judge Harris' action in appointing the commissioners is administrative rather than judicial in nature, and therefore not protected by judicial immunity, the claims against him, as discussed above, are barred by the *Rooker-Feldman* doctrine and *res judicata*.

Plaintiff contends that absolute immunity does not apply because the commissioners acted outside of their jurisdiction. Absolute immunity does not apply when a judge has acted in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction. *Bradley v. Fisher*, 80 U.S. (13 Wall.) at 351-352.  Acting in the clear absence of jurisdiction is different from acting in excess of jurisdiction. *O'Neil v. City of Lake Oswego*, 642 F.2d 367 (9th Cir. 1981).

In this case, the superior courts of the State of Washington had original subject matter jurisdiction over the domestic relations proceedings.  RCW 2.08.010. On appeal, the state courts determined that the Clark County family law commissioners were not appointed in violation of the state constitution. *See Carr v. Huntting*, 2006 WL 1233082 ,* 3, citing *Ordell v. Gaddis*, 99 Wn.2d 409, 409-10 (1983).  A state court's interpretation of its statutes is binding on the federal courts unless a state law is inconsistent with the federal constitution. *Adderley v. Florida*, 385 U.S. 39, 46 (1966);  *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1012 (9th Cir. 2004). Plaintiff's assertions notwithstanding, the state court's

interpretation of its statutes and constitutional provisions related to appointing of state court commissioners, is not inconsistent with the federal constitution. Because the Superior Court had original subject matter jurisdiction over the proceedings and orders plaintiff challenges, and because the commissioners did not act in the absence of jurisdiction, the Clark County judicial officers are entitled to absolute immunity.

*Conclusion.* Plaintiff has not met his burden to show that there are outstanding issues of material fact that preclude summary judgment. The Clark County defendants are entitled to judgment as a matter of law. The Clark County defendants' motion for summary judgment and dismissal should be granted and all of the claims against the Clark County defendants should be dismissed with prejudice.

### 3. Defendant Wanda Briggs' Motion for Summary Judgment and Dismissal of Plaintiff's Amended Complaint (Dkt. 41)

On September 27, 2007, defendant Wanda Briggs filed a motion for summary judgment and dismissal of the complaint, contending that plaintiff lacks standing because he has no federal right to compel the CJC to pursue disciplinary proceedings against the co-defendant judges; that the CJC and its staff are absolutely immune from suit related to disciplinary activities; that plaintiff has not alleged or proven facts to support a claim under 42 U.S.C. § 1986; and that the Eleventh Amendment bars claims against the CJC and Ms. Briggs. Dkt. 41.

On October 15, 2007, plaintiff filed a response to Ms. Briggs' motion for summary judgment and dismissal, arguing that the statutes governing the CJC require that the commission conduct an investigation when a complaint has been filed. Dkt. 57.

On October 18, 2007, Ms. Briggs filed a reply, contending that plaintiff has no standing to pursue a claim against her because the claim rests on state rather than federal law; that CJC investigates every claim filed with the CJC; that CJC staff is absolutely immune from liability for damages or injunctive relief; and plaintiff has abandoned his only federal claim (42 U.S.C. § 1986) against the CJC. Dkt. 58.

On October 22, 2007, plaintiff filed a surreply, contending that his dissolution proceedings were peripheral to the claims he makes; and requesting that the court strike Ms. Briggs' reply because it is misleading, because the argument that the CJC investigates every complaint but has discretion to decide whether to charge a canon violation based upon that investigation is a new argument made in a reply; and

because he has pled a federal claim under the Fourteenth Amendment. Dkt. 61. Ms. Briggs did not raise a new argument in her reply when she submitted evidence that the CJC investigates every complaint but exercises discretion in whether to charge a violation of the Code of Judicial Conduct. This argument and supporting evidence were responses to plaintiff's claim that his complaint was not investigated by the CJC, as required by the Washington Constitution. The other arguments raised in Ms. Briggs' reply brief were not improper or misleading. Plaintiff's motion to strike (Dkt. 61) is DENIED.

Ms. Briggs, the Chair of the CJC, sets forth in her brief the structure and role of the CJC, as provided by the Washington Constitution, Washington Statutes, and Washington State procedural regulations. Dkt. 41, at 3-5. The relevant provisions are as follows:

Article IV, Section 31 of the Washington Constitution provides as follows:

**§ 31 COMMISSION ON JUDICIAL CONDUCT.**

(1) There shall be a commission on judicial conduct, existing as an independent agency of the judicial branch, and consisting of a judge selected by and from the court of appeals judges, a judge selected by and from the superior court judges, a judge selected by and from the district court judges, two persons admitted to the practice of law in this state selected by the state bar association, and six persons who are not attorneys appointed by the governor.

(2) Whenever the commission receives a complaint against a judge or justice, or otherwise has reason to believe that a judge or justice should be admonished, reprimanded, censured, suspended, removed, or retired, the commission shall first investigate the complaint or belief and then conduct initial proceedings for the purpose of determining whether probable cause exists for conducting a public hearing or hearings to deal with the complaint or belief. The investigation and initial proceedings shall be confidential. Upon beginning an initial proceeding, the commission shall notify the judge or justice of the existence of and basis for the initial proceeding.

RCW 2.64.010(3) provides as follows:

"Commission" means the commission on judicial conduct provided for in Article IV, section 31 of the state Constitution, which is authorized to recommend to the supreme court, after notice, and hearing, the suspension or removal of a judge or justice for violating a rule of judicial conduct, or the retirement of a judge or justice for disability.

The CJC is an independent part of the judicial branch of government. RCW 2.64.120. While the CJC may issue an admonishment, a reprimand or may censure a state judge, the suspension or removal of a judge is expressly reserved to the State Supreme Court. RCW 2.64.055.

The procedures for handling complaints and, if warranted, the disciplinary process applicable to state judges are contained in formal state procedural rules for the CJC. Its powers and duties are set forth in C.J.C.R.P. 3(d) and include:

> (6) Reviewing the recommendations of the investigative officer and/or disciplinary counsel after screening and a preliminary investigation, and either authorizing a full investigation of a complaint against a respondent in initial proceedings or dismissing the complaint;
> . . .
> (9) Where appropriate, making recommendations to the supreme court for discipline pursuant to Rule 24; or
> (10) Dismissing the case.

C.J.C.R.P. 6(b) enumerates the disciplinary measures the CJC may impose: the CJC may admonish, reprimand or censure a judge, but suspension or removal are only advisory recommendations that are left to the Supreme Court to affirm, reject or modify. Under C.J.C.R.P. 25, any decision adverse to the judge is reviewable *de novo* by the Supreme Court.

If the CJC decides to pursue a complaint, the procedures for investigation, discovery and the hearing are similar to those governing adversary proceedings in the courts. *See* C.J.C.R.P. 17, 22 and 24.

*Standing.* Ms. Briggs contends that plaintiff has no federal right to compel the CJC to pursue disciplinary proceedings against the co-defendant judges. To establish a claim under the federal civil rights laws, a plaintiff must prove deprivation of a right or privilege secured by the U.S. Constitution or federal statute. *Dunham v. Wadley*, 195 F.3d 1007, 1010 (8th Cir. 1999). While rights to liberty and property may be protected, "statutes or policies that are only procedural, or that grant to a decision maker discretionary authority in their implementation, in contrast, do not create protected property interests." *Id.* at 1009; *Jennings v. Lombardi*, 70 F.3d 994, 995-96 (8th Cir. 1995). Federal courts have rejected claims that an individual's right to due process allows the individual to compel a state Bar disciplinary agency to institute or pursue citizen complaints. *See Saier v. State Bar of Michigan*, 293 F.2d 756 (6th Cir. 1961); *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559 (10th Cir. 1993).

Under the CJC's regulatory scheme, individuals are permitted to file a complaint; there is no concomitant right to compel the CJC to pursue disciplinary action based upon that complaint. Further,

1  Plaintiff has no federal constitutional right to require the CJC to act. According to the declaration of J.
2  Reiko Callner, the Executive Director of the CJC, the CJC investigates all complaints that fall within its
3  jurisdiction. Dkt. 59, at 2. Moreover, plaintiff has no right to dictate the extent of the investigation
4  conducted: a review of the complaint may be all the investigation the CJC needs to reach a decision to
5  dismiss the complaint.

6  The court notes that, in her reply, Ms. Briggs argues that this federal court has no jurisdiction to
7  consider the claims against the CJC, because the claims are based only on state law. However, the court
8  has original jurisdiction over plaintiff's claim under 42 U.S.C. § 1986, even though that claim, as discussed
9  below, is not viable and will be dismissed by this order. Further, plaintiff arguably alleged a Section 1983
10 claim for violation of his Fourteenth Amendment rights to due process. *See* Dkt. 21, ¶ 96. Even though
11 that claim is dismissed by this order, the court had original jurisdiction over the Fourteenth Amendment
12 claim. The court may exercise supplemental jurisdiction over the state law claims against Ms. Briggs,
13 pursuant 28 U.S.C. § 1367(a federal district court "shall have supplemental jurisdiction over all other
14 claims that are so related to claims in the action within such original jurisdiction that they form part of the
15 same case or controversy under Article III of the United States Constitution"). The state law claims
16 against the CJC are based upon the same facts as are the claims under 42 U.S.C. § 1986 and the
17 Fourteenth Amendment, and form part of the same case or controversy as the Section 1986 claims.
18 Accordingly, this court may and should exercise supplemental jurisdiction over the state law claims.

19 *Immunity.* Ms. Brigs contends that the CJC and its staff are absolutely immune from suit over
20 disciplinary activities, which involve quasi judicial and prosecutorial duties; the court will address this issue
21 as an alternative basis for dismissal of the claims against the CJC and its staff.

22 The CJC is a disciplinary body that possesses investigative, prosecutorial, and adjudicative
23 functions. Governmental agencies and their staffs, including disciplinary bodies, that perform quasi-judicial
24 and prosecutorial functions, are immune from suit. *See Clark v. State of Washington*, 366 F.2d 678 (9th
25 Cir. 1966)(Washington State Bar Association and its employees are immune from suits arising out of its
26 decision to disbar an attorney); *Hirsh v. Justices of the Supreme Court of California*, 67 F.3d 708, 715 (9th
27 Cir. 1995)(state bar court judges and prosecutors protected by quasi-judicial immunity); *Moore v.*
28 *Brewster*, 96 F.3d 1240, 1244-45 (9th Cir. 1996)(quasi-judicial immunity applied to staff of courts);

*Buckles v. King County*, 191 F.3d 1127, 1133-34 (9th Cir. 1999)(Growth Management Board immunity applied to zoning rulings made by Board); *Dunham v. Wadley*, 195 F.3d at 1010-11 (state Veterinary Examining Board absolutely immune from suit for performing quasi-judicial functions; *Kissell v. Breskow*, 579 F.2d 425, 429-30 (7th Cir. 1978)(executive secretary of attorney discipline committee entitled to absolute quasi-judicial immunity); *Akins v. Deptford Township*, 813 F.Supp. 1098 (D.N.J. 1993)(county construction board of appeals entitled to absolute immunity); *Eston v. Van Bolt*, 728 F.Supp. 1336 (E.D. Mich 1990)(grievance administrator acting in prosecutorial capacity in deciding whether to initiate disciplinary proceedings entitled to absolute immunity); *Tracy v. Robbins*, 40 F.R.D. 108 (D.S.C. 1966)(mayor and town attorney absolutely immune for performing quasi-judicial duties).

Under the statutory and regulatory scheme, the CJC performs quasi-judicial and prosecutorial functions. The CJC and its staff are entitled to absolute immunity from suit for performing these functions. The claims against Ms. Briggs in her official capacity, as representative of the CJC, should be dismissed.

***Claim under 42 U.S.C. § 1986.*** Ms. Briggs contends that plaintiff has neither alleged nor proven facts to justify a claim under 42 U.S.C. § 1986. In the absence of a viable claim under 42 U.S.C. § 1985, there can be no violation of 42 U.S.C. § 1986. *See Park v. City of Atlanta,* 120 F.3d 1157, 1159-70 (11th Cir. 1997); *Wilson v. Moore,* 270 F.Supp. 2d 1328, 1354 (N.D. Fla. 2003); *Baines v. Masillo*, 288 F.Supp.2d 376 (W.D.N.Y. 2003). To state a claim under 42 U.S.C. § 1985, a plaintiff is required to allege: (1) that the purpose of the conspiracy was to deprive the plaintiff of equal protection, equal privileges and immunities, or to obstruct the course of justice in the state; (2) that the defendants intended to discriminate against the plaintiff; (3) that the defendants acted under color of state law and authority; (4) that the acts done in furtherance of the conspiracy resulted in an injury to the plaintiff's person or property or prevented him from exercising a right or privilege of a United States citizen. *Sykes v. State of California*, 497 F.2d 197, 200 (1974).

Plaintiff has not alleged a Section 1985 "conspiracy" by the CJC. A conspiracy requires proof of a meeting of the minds of the alleged conspirators to deprive someone of their civil rights that is accompanied by racial or other invidious discriminating animus. *Roger v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988); *Friends of Falun Gong v. Pacific Cultural Enterprises, Inc.*, 288 F. Supp. 2d 273 (E.D.N.Y. 2003), *aff'd* 109 Fed. Appx. 442 (2004); *Caldwell v. Green*, 451 F. Supp. 2d 811 (E.D. Va.

2006). Plaintiff has not made any allegations that could establish a conspiracy under 42 U.S.C. § 1985. Plaintiff has not met his burden to show that there are genuine issues of material issues of fact that preclude summary judgment on his claim under 42 U.S.C. § 1986. Plaintiff apparently recognizes that he has not stated a claim under 42 U.S.C. § 1986, and requests that the claim be amended to delete this claim. Dkt. 57, at 7. The claim should be dismissed. The court notes that plaintiff has offered to amend his complaint. However, amendment of the complaint would not be proper because any amendment would be futile and subject to dismissal. See *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Reddy v. Litton Indus.*, Inc., 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989).

*Eleventh Amendment.* Ms. Briggs contends that claims against the CJC and its Chair are barred by the Eleventh Amendment. Plaintiff argues that Eleventh Amendment immunity applies only to claims for damages, not to claims for injunctive relief. As discussed above, any claims related to damages are barred by the Eleventh Amendment. Any remaining claims against Ms. Briggs and the CJC, as discussed above, are without merit.

*Conclusion.* Plaintiff has not met his burden to show that there are outstanding issues of material fact that preclude summary judgment. Ms. Briggs and the CJC are entitled to judgment as a matter of law. Ms. Briggs' motion for summary judgment and dismissal should be granted and all of the claims against her in her official capacity, as Chair of the CJC, should be dismissed with prejudice.

Therefore, it is hereby

**ORDERED** that State Defendants' Motion for Summary Judgment and Dismissal of Plaintiff's Amended Complaint (Dkt. 26) is **GRANTED** and all claims against Sam Reed, Rob McKenna, Joel Penoyer, C.C. Bridgewater, J. Robin Hunt, Gerry L. Alexander, Barbara Madsen, Mary E. Fairhurst, Susan Owens and James M. Johnson are **DISMISSED WITH PREJUDICE**, The Clark County Defendants' Motion for Summary Judgment and Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 29) is **GRANTED**, and all claims against Robert L. Harris, John F. Nichols, Barbara D. Johnson, Kenneth Eisland, Rich Melnick, John Hagensen, and Kelli E. Osler are **DISMISSED WITH PREJUDICE**. Defendant Wanda Briggs' Motion for Summary Judgment and Dismissal of Plaintiff's Amended Complaint (Dkt. 41) is **GRANTED**, and all claims against Ms. Briggs, in her official capacity as Chair of

Washington's Commission on Judicial Conduct are **DISMISSED WITH PREJUDICE**.  This case is **DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 5th day of November, 2007.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge